UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

THE NEW YORK STATE NURSES
ASSOCIATION,

                                                  **MEMORANDUM & ORDER**

                Plaintiff,              26-CV-745(EK)(PCG)

          -against-

THE BROOKLYN HOSPITAL CENTER,

                Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

      The New York State Nurses Association, a union, sues the Brooklyn Hospital Center.  Plaintiff alleges that the hospital has failed to make contractually required contributions to a benefits fund for union members.  Compl. 1, ECF No. 1. Plaintiff has brought a grievance — currently pending arbitration — challenging this alleged failure.  *Id.* ¶ 20.

      Plaintiff has also requested a temporary restraining order ("TRO"), directing the hospital to "make its overdue contributions" pending final resolution of the grievance.  *Id.* at 10-11.  The TRO request is *ex parte*: plaintiff has provided no written or oral notice to the defendant or its attorney.  For the reasons set forth below, this request is denied.

      When a movant seeks an *ex parte* TRO, it must, among other things, certify in writing "any efforts made to give notice and the reasons why it should not be required."  Fed. R.

Civ. P. 65(b)(1)(B); *FEI Hong Kong Co. v. GlobalFoundries, Inc.*, No. 20-CV-2342, 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (denying TRO as plaintiff had "not provided any reasons why notice was unnecessary or impractical"); *Gullas v. 37-31 73rd St. Owners Corp.*, No. 12-CV-2301, 2012 WL 1655520, at *1 (E.D.N.Y. May 10, 2012) (denying TRO as plaintiffs had "neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required").  This failure alone renders *ex parte* relief inappropriate.  *E.g.*, *Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-CV-6562, 2013 WL 12109397, at *2 (S.D.N.Y. Oct. 2, 2013) ("Plaintiff's attorney has not submitted anything about efforts to give notice or reasons why notice should not be required.  That omission alone is fatal to the application . . . .").

Plaintiff has also not separately moved for this preliminary relief; the request for a TRO appears only in the complaint.  It is thus not properly before this Court. *Allens Creek / Corbetts Glen Pres. Grp., Inc. v. Caldera*, 88 F. Supp. 2d 77, 83 (W.D.N.Y. 2000), *aff'd sub nom. Allens Creek / Corbetts Glen Pres. Grp., Inc. v. West*, 2 F. App'x 162 (2d Cir. 2001) (collecting cases and explaining that "[i]f a party seeks immediate relief, Rule 65 . . . requires the filing of a motion").

For the reasons set forth above, the request for a TRO is denied.  If plaintiff wishes to pursue a preliminary injunction, it should file a motion in compliance with Rule 65 and serve that motion on the defendant.

SO ORDERED.


_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    February 11, 2026
          Brooklyn, New York