UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

THE NEW YORK STATE NURSES
ASSOCIATION,

                     Plaintiff,

        -against-

THE BROOKLYN HOSPITAL CENTER,

                     Defendant.

------------------------------------x

**MEMORANDUM & ORDER**
26-CV-745(EK)(PCG)

ERIC KOMITEE, United States District Judge:

The New York State Nurses Association, a union ("NYSNA"), brought this action against the Brooklyn Hospital Center.  It alleges that the hospital failed to make contractually required contributions to a benefit fund for union members.  Compl. 1, ECF No. 1.[1]  This failure is also the subject of a pending arbitration — likewise initiated by NYSNA — pursuant to the parties' collective bargaining agreement.  *Id.* ¶ 20.  Notwithstanding the arbitration proceeding, NYSNA seeks emergency relief from this Court, directing immediate payment of the "overdue contributions" at issue.  *Id.* at 10-11.

This is NYSNA's second attempt at this relief.  The Court denied its request for an *ex parte* temporary restraining order that did not comply with Federal Rule of Civil Procedure

---

[1] Page numbers in record citations to record documents other than briefs refer to ECF pagination.

65. ECF No. 8. Plaintiff has now provided notice, ECF No. 12, which defendant has received. ECF No. 14. NYSNA moves once again for a TRO and preliminary injunction. ECF No. 10. For the reasons below, the renewed motion for a TRO is denied; the Court will await further briefing before deciding the request for a preliminary injunction.

The primary reason for the denial is that the plaintiff has not established a sufficient likelihood of this Court's jurisdiction to award the relief sought. The Court must assure itself of its jurisdiction before entering any preliminary injunctive relief. *Truck Drivers Loc. Union No. 807 v. Bohack Corp.*, 541 F.2d 312, 318 (2d Cir. 1976). If a plaintiff cannot show that "the Court likely has subject matter jurisdiction," its request for preliminary relief will be denied. *New York v. Nat'l Sci. Found.*, 793 F. Supp. 3d 562, 577 (S.D.N.Y. 2025).[2]

On the existing record, this Court's jurisdiction remains doubtful. The Norris-LaGuardia Act, 29 U.S.C. §§ 101-15, "deprives federal courts of the jurisdiction to grant injunctive relief in labor disputes, except in limited circumstances." *Niagara Hooker Emps. Union v. Occidental Chem. Corp.*, 935 F.2d 1370, 1375 (2d Cir. 1991) (citing 29 U.S.C. §

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

101).  One limited exception traces to *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235 (1970).  Here, NYSNA seeks a "reverse *Boys Markets*" injunction, which "permits unions to obtain injunctions against employers to preserve the status quo pending arbitration of a labor dispute." *Aeronautical Indus. Dist. Lodge 91 of Int'l Ass'n of Machinists & Aerospace Workers v. United Techs. Corp.*, 230 F.3d 569, 581 (2d Cir. 2000); Pl.'s Mem. 9, ECF No. 10-1.  Such relief is permissible, however, only when "necessary to prevent arbitration from being rendered a meaningless ritual." *Niagara Hooker*, 935 F.2d at 1377.  At this juncture, plaintiff has not met this requirement.

"[F]or an injunction to issue at the union's behest, the irremediable injury in question must be such as to *threaten the integrity of the arbitration process itself*." *Id.* at 1378 (emphasis added).  The Second Circuit has given the example of "a company's plan to sell a division, [which,] if not enjoined, would render the [arbitration] process meaningless by presenting an arbitrator with a *fait accompli*." *Id.*

No such *fait accompli* is evident here, at least on the instant record.  If anything, it appears that the *fait accompli* we seek to avoid would arise if this Court were to *grant* the requested relief: in that case, hospital funds would be disbursed before the arbitration concluded (or even, perhaps,

before it began in earnest).  ECF No. 10, at 2.  On the other hand, expenses incurred by union members in the interim will not threaten the arbitration's *integrity*, even if they may result in some financial strain.  The complaint acknowledges that members will be "reimburse[d] . . . for medical expenses incurred while . . . uninsured," albeit at some "unknown point," if the union prevails.  Compl. ¶ 18.[3]

For the reasons set forth above, the request for a TRO is denied.  Plaintiff is ordered to show cause by February 18 why this case should not be dismissed for lack of subject matter jurisdiction.  Defendant shall respond by February 27, and address both subject matter jurisdiction and the merits of the requested relief.  Plaintiff may reply on or before March 6.

SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    February 14, 2026
          Brooklyn, New York

---

[3] The Court is not aware of any reverse *Boys Markets* injunctions entered in this circuit post-*Niagara Hooker*.  And even in one of the cases plaintiffs cite for the proposition that the loss of health insurance is irreparable harm, the district court declined to enter a reverse *Boys Markets* injunction. *Loc. 217 Hotel & Rest. Emps. Union v. MHM, Inc.*, 805 F. Supp. 93, 108-10 (D. Conn. 1991), aff'd, 976 F.2d 805 (2d Cir. 1992).